**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| Earl Bryant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:15-cv-00061 |
| v. | ) | |
| | ) | Hon. Leslie J. Abrams |
| General Electric Co., | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OF LAW IN SUPPORT OF GENERAL ELECTRIC COMPANY'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Stephen W. Mooney
WEINBERG WHEELER HUDGINS
GUNN & DIAL LLC
3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Telephone: 404.832.9541
Facsimile: 404.875.9433
Email: smooney@wwhgd.com

Michael L. Banks (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5387
Facsimile: 215.963.5001
Email: michael.banks@morganlewis.com

Matthew J. Sharbaugh (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: 202.739.5623
Facsimile: 202.739.3001
Email: matthew.sharbaugh@morganlewis.com

*Attorneys for Defendant
General Electric Company*

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

    A.  Background ................................................................................................ 3

    B.  Relevant Procedural History ..................................................................... 3

    C.  Bryant's Allegations ................................................................................. 4

III.  DISCUSSION ...................................................................................................... 5

    A.  Legal Standard Under Rule 12(b)(6) ........................................................ 5

    B.  Bryant's Amended Complaint Fails To State A Plausible Claim For Relief Regarding Retiree Medical Benefits ............................................. 5

        1.  Bryant's Claim That GE Breached A Plan Obligation When It Exercised Its Expressly Reserved Right To Modify The Plans Fails As A Matter Of Law ...................................................................... 6

        2.  Bryant's Claim That GE Used Language In An SPD That Was Confusing Or Misleading As To The Permanency Of His Benefits Similarly Fails As A Matter Of Law ..................................... 9

    C.  Bryant's Amended Complaint Fails To State A Viable Claim For Relief Regarding Benefits Under GE's Savings Plan ................................... 12

IV.  CONCLUSION ................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alday v. Container Corp. of Am.*,
   906 F.3d 660 (11th Cir. 1990) .......................................................................................1, 6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................5

*Bd. of Trustees of Nat'l Elevator Indus. Health Ben. Plan v. Montanile*,
   593 F. App'x 903 (11th Cir. 2014) ....................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................5

*CIGNA Corp. v. Amara*,
   563 U.S. 421 (2011)........................................................................................................1, 8

*Everidge v. Wells Fargo Bank*,
   No. 12-cv-497, 2015 WL 5786738 (M.D. Ga. Sept. 29, 2015) ........................................12

*Fulghum v. Embarq Corp.*,
   785 F.3d 395 (10th Cir. 2015) ..........................................................................................11

*Garfield v. NDC Health Corp.*,
   466 F.3d 1255 (11th Cir. 2006) ........................................................................................12

*Griffin v. Focus Brands, Inc*,
   635 F. App'x 796 (11th Cir. 2015) .....................................................................................3

*Hammond v. Reynolds Metals Co.*,
   219 F. App'x 910 (11th Cir. 2007) .................................................................................9, 11

*Handevidt v. Wells Fargo Bank, N.A.*,
   12-cv-418-ORL, 2012 WL 3065387 (M.D. Fla. July 27, 2012)..........................................3

*Harrison v. Digital Health Plan*,
   183 F.3d 1235 (11th Cir. 1999) ........................................................................................14

*Henkin v. AT & T Corp.*,
   80 F. Supp. 2d 1357 (N.D. Ga. 1999) ...............................................................................11

*Hughes v. 3M Retiree Med. Plan*,
   281 F.3d 786 (8th Cir. 2002) ............................................................................................11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*In re Coca-Cola Enterprises Inc., ERISA Litig.*,
    No. 1:06-CV-0953, 2007 WL 1810211 (N.D. Ga. June 20, 2007).........................................12

*Jackson v. BellSouth Telecomms.*,
    372 F.3d 1250 (11th Cir. 2004) ..........................................................................................5

*Jones v. Am. Gen. Life & Acc. Ins. Co.*,
    370 F.3d 1065 (11th Cir. 2004) ....................................................................................6, 10

*La Grasta v. First Union Sec., Inc.*,
    358 F.3d 840 (11th Cir. 2004) .......................................................................................3, 9

*M & G Polymers v. Tackett*,
    135 S. Ct. 926 (2015)..........................................................................................................6

*Neitzke v. Williams*,
    490 U.S. 319 (1989)...........................................................................................................5

*New Orleans Emps. Int'l Longshoremen's Ass'n, AFL-CIO Pension Fund v.*
    *Mercer Inv. Consultants*,
    635 F. Supp. 2d 1351 (N.D. Ga. 2009) ...........................................................................12

*Novella v. Westchester City*,
    661 F.3d 128 (2d Cir. 2011)........................................................................................13, 14

*Owens v. Storehouse, Inc.*,
    984 F.2d 394 (11th Cir. 1993) .......................................................................................6, 7

*Rolland v. Textron, Inc.*,
    CV105-23, 2008 WL 858887 (S.D. Ga. Mar. 31, 2008) ...............................................9, 11

*Shapiro v. Fidelity Invs. Institutional Operations Co.*,
    142 F. Supp. 3d 535, 540 (E.D. Ky. 2015) .....................................................................13

*Snow v. Boston Mut. Ins. Co.*,
    915 F. Supp. 2d 1273 (M.D. Ala. 2013) ...........................................................................8

*Snyder v. Fed.-Mogul Cor.*,
    996 F. Supp. 2d 1253 (M.D. Fla. 2014).........................................................................10

*Sullivan v. CUNA Mut. Ins. Soc'y*,
    649 F.3d 553 (7th Cir. 2011) ..........................................................................................11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Turner v. Allstate Ins. Co.*,
    No. 2:13-CV-685-WKW, 2016 WL 5445068 (M.D. Ala. Sept. 27, 2016) ............................11

*Watson v. Paul Revere Life Ins. Co.*,
    No. 11–21492–CIV–KMM, 2011 WL 5025120 (S.D. Fla. Oct. 21, 2011)............................13

*Woods v. S. Co.*,
    396 F. Supp. 2d 1351 (N.D. Ga. 2005) ...................................................................................12

**STATUTES**

ERISA § 413, 29 U.S.C. § 1113, ..........................................................................................2, 12, 14

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ..............................................................5, 8, 14

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), ............................................................................5, 12

I.     **INTRODUCTION**

Plaintiff Earl Bryant ("Bryant"), a former GE employee who retired in 2001, filed this suit complaining of changes to post-65 retiree healthcare benefits that GE implemented in January 2015.  The Court dismissed Bryant's original *pro se* complaint on preemption grounds, but gave Bryant the chance to propose an amendment that pleads a viable claim under ERISA. In his amended complaint, prepared with the benefit of counsel, Bryant attempts to do so, but his newfound theories also fail as a matter of law.  Therefore, the Court should now dismiss this case with prejudice.

First, Bryant claims that the changes violated the terms of GE's healthcare plans, referencing language in a summary plan description ("SPD") that he contends promised his benefits would continue "indefinitely."  (*See* Am. Compl., Count 1 ("Breach of Plan Obligation").)  But SPDs "do not themselves constitute the *terms* of the plan;" rather, the plan terms must be found in the controlling plan documents.  *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011).  And here Bryant cannot identify any plan term that was breached.  To the contrary, the plan documents expressly and unconditionally reserved GE's right to modify, amend, or even terminate the benefits at any time.  Under controlling Eleventh Circuit precedent, such an explicit and unconditional reservation of rights provisions precludes Bryant from establishing a claim to guaranteed benefits as a matter of law.  *Alday v. Container Corp. of Am.*, 906 F.3d 660, 623 (11th Cir. 1990).

Second, Bryant asserts a claim for breach of fiduciary duty based on this same SPD language.  (*See* Am. Compl., Count 2 ("Breach of Fiduciary Duty").)  When the Court considers the real language at issue—which it may do on a motion to dismiss—it is evident that GE never stated that the benefits "would continue indefinitely."  (Am. Compl. ¶ 14.)  The language Bryant attempts to wrest out of context appears in a sentence that reads in full: "GE expects and intends

-1-

to continue the GE Medicare Benefit Plans described in this handbook indefinitely, **but reserves the right to terminate, amend or replace the programs or plans, in whole or in part (subject to applicable contractual requirements) at any time and for any reason.**"  (Exhibit 1 (emphasis added).)  This sentence hardly misrepresents the permanence or duration of Bryant's benefits.  If anything, the Eleventh Circuit has held that this kind of language confirms the opposite—that Bryant's benefits were subject to modification or termination, and were not guaranteed to continue.  Moreover, even if Bryant could establish that this sentence amounted to some sort of misrepresentation (which he cannot), he fails to allege that he detrimentally relied upon the challenged language, which is fatal to his misrepresentation-based claim for breach of fiduciary duty.

Third, Bryant asserts a vaguely stated claim regarding an alleged transfer of benefits from the GE savings program.  But even the amended complaint recognizes that the challenged distribution happened outside the limitations period (and considerably so), which means that any potential claim based on that distribution is time-barred by ERISA's six-year limitations period.  29 U.S.C. § 1113.  Bryant cannot circumvent that result by invoking the "continuing violations" doctrine, both because the Eleventh Circuit has not recognized it, and because it would not be applicable to these allegations in any event—*i.e.*, a single discrete act from nearly fourteen years ago that purportedly resulted in "continued losses."

Accordingly, and as set forth more fully herein, Bryant's amended complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The following allegations are drawn from Bryant's amended complaint.  GE also offers some additional background solely to provide context for the Court's assistance.

### A.    Background.

In September 2014, GE announced it would be making changes to the way it offered healthcare benefits to its post-65 salaried retirees.  The changes became effective January 1, 2015.  In short, GE shifted its coverage approach from various GE-sponsored supplemental medical and prescription drug plans to a model that gives retirees access to a private insurance marketplace called OneExchange, where retirees can choose from a wide range of coverage options to supplement the primary healthcare benefits they receive from Medicare.  As part of that model, GE now provides eligible post-65 retirees who enroll in a plan through OneExchange with an annual $1,000 Retiree Reimbursement Account ("RRA"), which can be used toward premium costs and other qualifying expenses.  In addition, GE provides a Pharmacy Assistance Fund from which eligible retirees are entitled to 100% reimbursement for out-of-pocket prescription drug costs above a certain threshold established by Medicare.[1]

### B.    Relevant Procedural History.

Originally proceeding *pro se*, Bryant filed this action on February 26, 2015, asserting various claims against GE under Georgia state law.  (*See* Doc. 1, Compl.)  Bryant ultimately served GE with a summons and complaint on July 15, 2016.  (Doc. 9.)

GE moved to dismiss Bryant's original complaint on the grounds (among others) that his state-law claims were preempted by ERISA.  (*See* Doc. 10.)  On February 15, 2017, the Court granted GE's motion, but gave Bryant a chance to file a motion to amend his complaint to plead a cause of action under ERISA.  (Doc. 37.)  On March 14, 2017, Bryant's counsel entered an appearance in the case, and two days later, Bryant submitted a motion for leave to file a proposed amended complaint.  (*See* Docs. 38, 40, 40-1.)  Thereafter, Bryant's counsel and GE's counsel

---

[1] These changes were described in a September 2014 announcement sent to affected retirees. (*See* Exhibit 8.)   GE offers this information to the Court for context only.

conferred about the factual basis for the claims in the (first) proposed amended complaint, which led Bryant to withdraw his submission file a (second) proposed amended complaint.  (*See* Docs. 44, 44-1.)  GE did not oppose Bryant's motion, but reserved the right to seek dismissal of the amended complaint under Fed. R. Civ. P. 12, if the Court accepted it.  (Doc. 45.)

On June 5, 2017, the Court granted Bryant's motion, and the amended complaint was docketed.  (Docs. 46, 47.)  This motion timely followed.  *See* Fed. R. Civ. P. 15(a)(3).

### C.    Bryant's Allegations.

Bryant's amended complaint asserts ERISA claims against GE regarding two categories of welfare benefits: (1) retiree medical and prescription drug benefits, and (2) benefits under a GE savings and retirement plan.  (*See generally* Am. Compl.)

First, Bryant asserts that GE violated ERISA by making certain changes to "secondary insurance, supplemental, or elfun supplemental medical" benefits.  (*Id.* ¶ 15.)  According to Bryant, GE improperly moved from a "guaranteed health plan, with prescription pharmacy/drug coverage" to "a straight line drug amount [of] $1,000.00."  (*Id.* ¶¶ 12, 15-18.)  He alleges that GE "wrongfully changed the integrity of the secondary medical coverage and pharmacy drug coverage," ostensibly because GE provided no reason for the changes, and because the changes were contrary to a statement in an (unidentified) SPD that "the retirement and health care plans would continue indefinitely."  (*Id.* ¶¶ 12, 14, Prayer for Relief ¶ 4.)  Bryant contends that these changes violated the terms of the relevant healthcare plans and breached GE's fiduciary duties.

Second, Bryant argues that GE violated ERISA in some unspecified manner by "forc[ing] retirees to liquidate their savings and security programs/investments/stocks in what was dubbed a 'voluntary' transfer."  (*Id.* ¶ 24.)  As to this claim, the amended complaint itself recognizes that the challenged "transfer" was made "outside the normal statutory applicable limitations period,"

yet Bryant asks the Court to allow the claim to proceed regardless, under a "continuing violation theory." (*Id.* ¶¶ 25, 30.)

## III.   DISCUSSION

### A.   Legal Standard Under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) is designed to "streamline litigation by dispensing with needless discovery and fact-finding" through the early dismissal of baseless claims. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations and quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

### B.   Bryant's Amended Complaint Fails To State A Plausible Claim For Relief Regarding Retiree Medical Benefits.

Bryant principally claims that GE violated ERISA when it made changes to his retiree medical benefits effective January 1, 2015. First, Bryant alleges that GE's changes breached the terms of the plans in violation of Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). (*See* Am. Compl. ¶ 32-33 (Count 1).) Second, Bryant seeks relief under Section 502(a)(3) of ERISA, arguing that GE breached its fiduciary duties by misrepresenting in an SPD that his retiree medical benefits would continue "indefinitely." (*See id.* ¶¶ 34-40 (Count 2).) Neither theory gives rise to a viable ERISA claim.

     1.      **Bryant's Claim That GE Breached A Plan Obligation When It Exercised Its Expressly Reserved Right To Modify The Plans Fails As A Matter Of Law.**

Unlike pension benefits, which are subject to vesting (and other) requirements under ERISA, healthcare and other "welfare" benefits do not vest by law.  *M & G Polymers v. Tackett*, 135 S. Ct. 926, 933 (2015) ("Although ERISA imposes elaborate minimum funding and vesting standards for pension plans, it explicitly exempts welfare benefits plans from those rules."). Consequently, employers are "generally free under ERISA, for any reason at any time, to adopt, modify or terminate" healthcare benefits.  *Id.* (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)); *see also Owens v. Storehouse, Inc.*, 984 F.2d 394, 397-98 (11th Cir. 1993) ("ERISA does not prohibit a company from terminating previously offered benefits that are neither vested nor accrued …. [W]elfare benefit plans neither vest nor accrue.").

Applying these settled principles, the Eleventh Circuit has held that a "retiree's right to lifetime medical benefits … can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document."  *Alday*, 906 F.2d at 665.  On the other hand, where the plan documents reserve an employer's right to amend or terminate its plan, there can be no finding (or even expectation) of guaranteed healthcare benefits.  *See Owens*, 984 F.2d at 398 ("[W]hile an employer may contractually bind itself to provide fixed medical benefits, Storehouse did not do so here.  Instead, it reserved the right to change or terminate the terms of its plan at any time."); *accord Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1071 (11th Cir. 2004) ("Because the Plan is unambiguous and precludes vesting of the retiree group life benefit, the district court did not err in granting summary judgment[.]").

Here, Bryant's GE-sponsored retiree medical and prescription-drug benefits at issue were not vested.  To the contrary, the plan documents governing those benefits contained clear

and express reservation-of-rights provisions that granted GE the right to amend or terminate the plans at any time and for any reason.[2]

The relevant retiree medical plans are the GE Life, Disability and Medical Plan and the GE Pensioners Hospital Indemnity Plan.[3]  At the time of the changes that Bryant challenges, both plan documents stated, in no uncertain terms, that "[t]his Plan may be amended, suspended, or terminated by the Board of Directors, in whole or in part, at any time without limitation." (*See* Exhibit 2, relevant excerpts of GE Life, Disability, and Medical Plan ("LDMP"), as amended June 20, 2011; Exhibit 3, relevant excerpts of GE Pensioners Hospital Indemnity Plan ("PHIP"), as amended June 20, 2011.)  The same language appeared in the governing plan documents at the time Bryant retired in 2001.  (*See* Exhibit 4, relevant excerpts of LDMP, as amended June 26, 2000; Exhibit 5, relevant excerpts of PHIP, as amended June 26, 2000.)

---

[2]  "In analyzing the sufficiency of the complaint," the Court properly considers "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  Here, because Bryant's amended complaint expressly references the changes to his retiree medical benefits, the applicable plan documents and summary plan description are "central to" his claims because they govern the benefits that he contends would be provided "indefinitely."  *See Griffin v. Focus Brands, Inc*, 635 F. App'x 796, 797 (11th Cir. 2015) (considering plan booklet in analyzing ERISA claim under Rule 12(b)(6), even though not attached to the complaint, because it was "central to the complaint"); *Handevidt v. Wells Fargo Bank, N.A.*, 12-cv-418-ORL, 2012 WL 3065387, at *1-2 (M.D. Fla. July 27, 2012) (considering SPD language in dismissing ERISA claim for benefits).

[3]  Bryant's amended complaint also references "elfun supplemental medical" benefits, which were not sponsored by GE.  The GE Elfun Society is an independent, non-profit organization for GE retirees, and prior to 2015, the Elfun Society sponsored its own Medicare supplement plan that its members could purchase.  GE therefore would not be a proper defendant as to any claim related to that plan.  That said, the Elfun plan document similarly gives Elfun (the plan sponsor) the unrestricted right to amend or terminate those benefits.  (*See* Exhibit 6, excerpts of plan documents for Elfun Medical Benefits Plan effective January 1, 2012, § 5.9 ("The Board of Directors of GE Elfun reserves the right to terminate, amend, eliminate or replace the plan, in whole or in part, at its discretion and at any time.").)  The Elfun documents contained the same language when Bryant retired in 2001.  (*See* Exhibit 7, relevant excerpts of Elfun Medical Benefits Handbook effective January 1, 2001, "Important Information About This Handbook" ("The Board of Directors of GE Elfun reserves the right to terminate, amend, eliminate or replace the plan, in whole or in part, at its discretion and at any time.").)

Faced with these express and unqualified reservation-of-rights clauses, Bryant cannot possibly establish that GE breached any plan obligation by making changes to his retiree medical benefits under those plans.  *See Owens*, 984 F.2d at 398; *Alday*, 906 F.2d at 665.

Perhaps recognizing this reality, Bryant points instead to language from an SPD that, in his view, indicates GE's commitment to continue the plans "indefinitely"—*i.e.*, that his benefits were somehow guaranteed.  (Am. Compl. ¶ 14.)  This theory is equally devoid of merit.  The Supreme Court has made clear that language in an SPD cannot form the basis for a claim for breach of the plan because SPDs "do not themselves constitute the *terms* of the plan for purposes of [ERISA Section] 502(a)(1)(B)."  *Amara*, 563 U.S. at 438 (emphasis added); *see also Bd. of Trustees of Nat'l Elevator Indus. Health Ben. Plan v. Montanile*, 593 F. App'x 903, 910 (11th Cir. 2014) ("*Amara* … precludes courts from enforcing summary plan descriptions, pursuant to § 1132(a)(1), where the terms of that summary conflict with the terms specified in other, governing plan documents."), *rev'd and remanded on other grounds*, 136 S. Ct. 651 (2016); *Snow v. Boston Mut. Ins. Co.*, 915 F. Supp. 2d 1273, 1281 (M.D. Ala. 2013) ("[A] claim for benefits under 29 U.S.C. § 1132(a)(1)(B) … must be premised on the terms of the Plan itself and not on summary or extraneous documents."), *aff'd*, 590 F. App'x 832 (11th Cir. 2014).  Thus, Bryant's claim for "breach of plan obligation" must be decided solely based on the terms of the plan documents, which do not contain the "indefinite" language on which this theory hinges.[4]  Rather, because those plan documents expressly affirmed GE's unconditional right to amend the benefits at issue, Bryant's claim fails as a matter of law and should be dismissed.

---

[4]  Moreover, even if the Court were to consider the SPD language in evaluating Count 1, GE cannot have breached any obligation under the SPD because, as explained *infra*, the "indefinitely" reference that Bryant seizes upon is part of a broader reservation-of-rights provision that expressly and unconditionally confirms GE's ability to modify or even terminate the benefits at any time and for any reason.

> **2.** **Bryant's Claim That GE Used Language In An SPD That Was Confusing Or Misleading As To The Permanency Of His Benefits Similarly Fails As A Matter Of Law.**

Bryant also asserts that GE breached its fiduciary duties under ERISA by using SPD language that was allegedly misleading as to when "coverage would terminate, when GE stated it would continue the plans <u>indefinitely</u>." (Am. Compl. ¶ 35 (emphasis in original).) As with his first claim, however, Bryant's allegations cannot support a viable claim for relief.

In the Eleventh Circuit, "[a] claim for breach of fiduciary duty requires evidence that the plan fiduciary made material misrepresentations about the plan to the plan participants and the participants relied on that misrepresentation to their detriment." *Hammond v. Reynolds Metals Co.*, 219 F. App'x 910, 916-17 (11th Cir. 2007) (citing *Jones*, 370 F.3d at 1074). Said differently, "to establish a claim for breach of fiduciary duty based on alleged misrepresentations concerning coverage under an ERISA plan," Bryant must show that: "(1) [GE] was acting in a fiduciary capacity when it made the alleged misrepresentations; (2) [GE] made a material misrepresentation; and (3) [Bryant] relied on that misrepresentation to his detriment." *Rolland v. Textron, Inc.*, CV105-23, 2008 WL 858887, at *11 (S.D. Ga. Mar. 31, 2008), *aff'd*, 300 F. App'x 635 (11th Cir. 2008). Here, the amended complaint fails to set forth allegations that would satisfy two of the core elements necessary to sustain his claim.

***First***, the SPD language that Bryant purports to describe did not misrepresent the duration or permanence of his retiree medical benefits. While Bryant does not attach any SPD to his pleading or otherwise specify the SPD provision on which he relies, GE presumes he refers to Section 5.4 of the 2012 SPD—the last version of an SPD he would have been issued before GE made the benefit changes at issue. That provision reads, in relevant part:

> GE expects and intends to continue the GE Medicare Benefit Plans described in this handbook indefinitely, **but reserves the right to terminate, amend or replace the**

**programs or plans, in whole or in part (subject to applicable contractual requirements) at any time and for any reason[.]**

(Exhibit 1 (emphasis added).)  Bryant's reliance on this language is a non-starter.

For one, this sentence of the SPD does not, as Bryant alleges, say that the plans "would continue indefinitely." (*See* Am. Compl. ¶ 14.)  Rather, this provision only describes GE's expectations at one point in time—a far cry from the sort of definitive commitment that Bryant suggests—and is immediately caveated by an express reservation of GE's right to amend or replace the benefits.  Moreover, Bryant's theory rests on a few isolated words of the sentence, while ignoring the broader import of the sentence as a whole.  Read in its entirety, the SPD provision plainly confirms that GE retained the ability to modify or even terminate the benefits "**at any time and for any reason**." (Exhibit 1 (emphasis added).)

What's more, Section 5.4 was not the only place in the SPD that GE described its reservation of rights.  On the very first page of the SPD, under the all-caps heading "IMPORTANT INFORMATION ABOUT THIS HANDBOOK," GE informs participants that "[t]he "Board of Directors of General Electric Company reserves the right to terminate, amend, eliminate or replace the GE Medicare Benefit Plans and any related program, plan or benefit **at its discretion and at any time**." (*Id.* (emphasis added))

The Eleventh Circuit has held this kind of language unambiguously conveys an employer's ability to modify or eliminate welfare benefits.  For instance, in *Jones v. American General Life and Accident Insurance Co.*, the court of appeals found the following language to constitute an "explicit 'reservation of rights' provision" that clearly conveyed that benefits were subject to change or termination: "Although the Company has established this … Plan with the intention of continuing it indefinitely, the uncertainty under which all businesses operate, as well as possible future changes in the law, make it necessary for the Company to reserve the right to

-10-

amend or terminate the Plan at any time." 370 F.3d at 1067. Simialrly, in *Hunt v. Hawthorne Associates, Inc.*, the Eleventh Circuit held that the following language "certainly" made clear that benefits could be changed or eliminated: "Eastern expects to continue the Plan indefinitely, but necessarily reserves the right to modify, suspend or terminate it at any time." 119 F.3d 888, 910-11 (11th Cir. 1997); *see also Snyder v. Fed.-Mogul Cor.*, 996 F. Supp. 2d 1253, 1263 (M.D. Fla. 2014) (finding that SPD made it "clear that Snyder's health benefits had not vested," when it stated that "the Company intends to continue this Plan indefinitely, but reserves the right to end or amend it").[5] The language here is virtually identical. This precedent forecloses Bryant's theory that GE misrepresented the duration or permanence of his benefits through the "indefinitely" reference in the SPD sentence on which he relies.

**Second**, Bryant fails to allege that he relied on the SPD language to his detriment. Under circuit precedent, Bryant's failure to allege such reliance is fatal to his breach-of-fiduciary-duty claim. *See, e.g.*, *Hammond v. Reynolds Metals Co.*, 219 F. App'x 910, 916-17 (11th Cir. 2007) (affirming summary judgment on breach-of-fiduciary-duty claim because, among other reasons, "the employees did not rely on the alleged misrepresentations to their detriment"); *Henkin v. AT & T Corp.*, 80 F. Supp. 2d 1357, 1362-63 (N.D. Ga. 1999) (dismissing breach-of-fiduciary-duty claim because, among other reasons, "Plaintiffs have failed to allege ... any detrimental reliance

---

[5]  Other circuits have reached the same conclusion. *See, e.g.*, *Fulghum v. Embarq Corp.,* 785 F.3d 395, 408-10 (10th Cir. 2015) (holding that, where SPD states that plan sponsor "expects to continue [the plan] indefinitely" but "reserves the right to change or discontinue any or all benefits at any time," a "reasonable person would have understood the Plans permitted the amendments made by the Defendants"); *Sullivan v. CUNA Mut. Ins. Soc'y,* 649 F.3d 553, 555-56 (7th Cir. 2011) (concluding, despite language that employer "expect[ed] the Plan to be permanent," it was clear that welfare benefits could be revoked or modified because the same clause stated that the employer "reserve[d] the right to amend, modify or terminate the plan ... at any time"); *Hughes v. 3M Retiree Med. Plan,* 281 F.3d 786, 792-93 (8th Cir. 2002) (interpreting SPD language that "[t]he Company fully intends to continue this Plan indefinitely, but reserves the right to change or discontinue it if necessary," and concluding "[i]t is plain and unambiguous that the word 'intends' does not indicate finality. To hold otherwise would render the words 'reserves the right to change or discontinue it if necessary' meaningless.").

that cause them to suffer damages"), *aff'd*, 268 F.3d 1065 (11th Cir. 2001); *Rolland*, 2008 WL 858887, at \*14 ("Even if the Court were to find … a material misrepresentation …  Plaintiff has not convinced the Court that he reasonably relied on Textron's … alleged misrepresentations to his detriment."), *aff'd*, 300 F. App'x 635 (11th Cir. 2008); *accord Turner v. Allstate Ins. Co.*, No. 2:13-CV-685-WKW, 2016 WL 5445068, at \*8 (M.D. Ala. Sept. 27, 2016) (explaining that, under Section 502(a)(3), a participant has a claim only where the alleged misrepresentation "causes the plan participants to believe and rely on representations that the insurance benefit will not be changed during their retirement") (citing *Jones*, 370 F.3d at 1071-74).

In short, because Bryant does not allege any material misrepresentation on the part of GE, and because he fails to allege that he detrimentally relied on any alleged misrepresentation in any event, Bryant's claim for breach of fiduciary duty under ERISA fails as a matter of law.[6]

## C.    Bryant's Amended Complaint Fails To State A Viable Claim For Relief Regarding Benefits Under GE's Savings Plan.

Bryant asserts a separate claim related to the distribution of his funds from the GE Savings and Security Program.  His allegations are extremely murky as to the basis for this claim.  Regardless of his precise theory, however, the face of the amended complaint confirms that the claim is time-barred and must be dismissed.

---

[6] Elsewhere, Bryant makes vague reference to "sunset guarantees," (*see, e.g.*, Am. Compl. ¶¶ 37, 39), but this allegation is far too vague to be actionable under ERISA.  Bryant fails to identify the source of any such alleged guarantee, or how its breach (if any) would constitute a violation of ERISA.  The allegation is particularly deficient since Bryant's misrepresentation claim sounds in fraud, (*see id.* ¶ 40 (alleging that "Plaintiff was misled and lied to"), and therefore must satisfied the heightened pleading requirements of Rule 9(b).  *See, e.g.*, *In re Coca-Cola Enterprises Inc.*, *ERISA Litig.*, No. 1:06-CV-0953, 2007 WL 1810211, at \*5-6 (N.D. Ga. June 20, 2007); *Woods v. S. Co.*, 396 F. Supp. 2d 1351, 1360 n.5 (N.D. Ga. 2005).  Bryant's casual reference to "sunset guarantees" does not even come close to describing the who, what, when[,] where, and how" necessary to satisfy Rule 9(b).  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (stating that Rule 9(b) is met where the "level of factual support" reflects "the who, what, when where, and how: the first paragraph of any newspaper story"); *see also Everidge v. Wells Fargo Bank*, No. 12-cv-497, 2015 WL 5786738, at \*13 (M.D. Ga. Sept. 29, 2015) (Abrams, J.) (finding that fraud claim did not meet Rule 9(b)).

-12-

Under Section 413 of ERISA, claims for breach of fiduciary duty are subject to a six-year statute of limitations.  29 U.S.C. § 1113; *New Orleans Emps. Int'l Longshoremen's Ass'n, AFL-CIO Pension Fund v. Mercer Inv. Consultants*, 635 F. Supp. 2d 1351, 1378 (N.D. Ga. 2009) ("ERISA's six-year period of limitations serves as a statute of repose for actions alleging breach of fiduciary duty; no action may be brought more than six years after the last violation constituting a breach.").  Here, Bryant recognizes that the "transfers" he challenges "happened outside of the normal statutory applicable limitations period."  (Am. Compl. ¶ 25.)[7]  That should be the end of the matter.

Despite this, Bryant suggests that the claim can proceed under a "continuing violation" theory.  (*Id.* ¶ 31.)  This argument is meritless.  First, the Eleventh Circuit has not adopted the continuing violation theory for ERISA claims, an application that many other courts have rejected.  *See, e.g.*, *Watson v. Paul Revere Life Ins. Co.*, No. 11–21492–CIV–KMM, 2011 WL 5025120, at *5 (S.D. Fla. Oct. 21, 2011) ("Although the Eleventh Circuit has not decided the matter, several Circuit Courts have declined to apply a theory of continuing violation in the context of ERISA claims.") (collecting cases).  Second, this case surely does not present an appropriate application of the doctrine; even those courts that have recognized the doctrine only apply it in limited cases "where separate violations of the same type, or character, are repeated over time."  *Novella v. Westchester County*, 661 F.3d 128, 145-46 (2d Cir. 2011) (collecting cases).  By contrast, the doctrine does not apply where a claim is "based on a single decision that results in lasting negative effects."  *Id.*; *see also Shapiro v. Fidelity Invs. Institutional Operations Co.*, 142 F. Supp. 3d 535, 540 (E.D. Ky. 2015) (refusing to apply doctrine to claim involving liquidation of 401(k) account, explaining that "[a] breach of fiduciary duty occurred, if at all, when Fidelity liquidated his account in 2006 …. That was a discrete act, not a continuing

---

[7]  Based on GE's records, Bryant elected his final distribution in July 2003, nearly fourteen years ago.

violation").  Third, Bryant fails to allege that any "transfer" occurred during the limitations

period, and in fact his final distribution occurred in 2003, well beyond the limitations period.

Bryant invokes the continuing violation doctrine "because the loss on said stock

continues."  (Am. Compl. ¶ 31.)  In other words, Bryant contends that his claim presents a

continuing violation scenario because he continues to suffer damages as a result of GE's alleged

breach—*i.e.*, "lasting negative effects" allegedly stemming from "a single decision."  *Novella*,

661 F.3d at 145-46.  This is precisely the scenario that is beyond the reach of the continuing

violation doctrine, even if the Eleventh Circuit were to recognize it in the ERISA context.  GE's

purported breach—which GE expressly denies—would have occurred in July 2003, when Bryant

elected his final distribution and transfer from his Savings and Security account.  Therefore,

Bryant's alleged claim accrued at that point, and ERISA's statute of limitations lapsed nearly a

decade ago.  This claim must be dismissed as time-barred.[8]

## IV.   CONCLUSION

Having had the opportunity to articulate his legal theories under ERISA—now with the

benefit of counsel, no less—Bryant's amended complaint makes clear that he has no viable

ERISA claims as a matter of law.  Bryant's assertion that GE breached ERISA in changing his

retiree medical benefits fails because: (1) GE's plan documents expressly reserved the right to

make the modifications at issue, and the "indefinitely" language that Bryant invokes cannot

support a plan breach because it is found in the SPD, not the plan documents; (2) GE's SPD

clearly informed participants, in two separate provisions, that GE could modify or terminate the

benefits at any time and for any reason, and therefore was not a misrepresentation that would

---

[8]  The same result would follow if Bryant were pursuing this theory under Count 1 as a claim for "Breach of Plan Obligation," to recover benefits under ERISA Section 502(a)(1)(B).  Because ERISA does not prescribe a statute of limitations for such claims, courts borrow the most analogous state limitations period; in Georgia, that is the six-year limitations period applicable to actions on a contract.  *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1241 (11th Cir. 1999).  Thus, the same time-bar would apply.

support a claim for breach of fiduciary duty; and (3) Bryant does not allege that he relied on the "indefinitely" language in the SPD to his detriment.  Thus, whether framed as a claim for "breach of plan obligation" or "breach of fiduciary duty," Bryant's medical benefits claim never leaves the gate.  So, too, with his claim for savings-plan benefits, which the amended complaint itself reveals is time-barred under ERISA's 6-year limitations period.  Accordingly, GE respectfully requests that the Court dismiss Bryant's amended complaint with prejudice.

DATED: June 19, 2017                         Respectfully submitted,

                                             /s/  Michael L. Banks

Stephen W. Mooney                            Michael L. Banks (*pro hac vice*)
WEINBERG WHEELER HUDGINS                     MORGAN, LEWIS & BOCKIUS LLP
GUNN & DIAL LLC                              1701 Market Street
3344 Peachtree Road, Suite 2400              Philadelphia, PA 19103-2921
Atlanta, GA 30326                            Telephone: 215.963.5387
Telephone: 404.832.9541                      Facsimile: 215.963.5001
Facsimile: 404.875.9433                      Email:  michael.banks@morganlewis.com
Email: smooney@wwhgd.com

                                             Matthew J. Sharbaugh (*pro hac vice*)
*Attorneys for Defendant*                    MORGAN, LEWIS & BOCKIUS, LLP
*General Electric Company*                   1111 Pennsylvania Ave., N.W.
                                             Washington, DC 20004
                                             Telephone:  202.739.5623
                                             Facsimile:  202.739.3001
                                             Email:matthew.sharbaugh@morganlewis.com

-15-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 19, 2017, I filed a true and correct copy of the

foregoing with the Court's CM/ECF system, which will transmit service on the following:

Bonnie Michelle Smith
MICHELLE SMITH ATTORNEY AT LAW
P.O. Box 8633
Warner Robins, GA 31095
Telephone:  478.953.3661
Facsimile:  888.646.8754
msmith158@juno.com

*Attorney for Plaintiff Earl Bryant*

/s/ Michael L. Banks
Michael L. Banks, Esq.

DB1/ 92391322