## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

EARL A. BRYANT,         :
                             :

      Plaintiff,         :
                             :

v.                         :          CASE NO.: 5:15-CV-61 (LJA)
                             :

GENERAL ELECTRIC,     :
                             :

      Defendant.      :
                             :

## ORDER

Before the Court is Defendant General Electric Company's Motion to Dismiss Plaintiff's First Amended Complaint. Doc. 48. For the reasons articulated below, the Motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff Earl A. Bryant, a former vice president of human resources for Defendant, initiated this action *pro se*, alleging various state-law claims against Defendant. Doc. 1 at 1. On August 4, 2016, Defendant filed its first Motion to Dismiss, Doc. 10, which the Court granted because Plaintiff's claims were defensively preempted under ERISA. Doc. 37 at 4; *Butero v. Royal Maccabees Life Insur. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). Plaintiff was given leave to file an Amended Complaint stating claims actionable under the civil enforcement section of ERISA, Section 502(a), 29 U.S.C. § 1132(a). Doc. 37 at 4. On June 5, 2017, Plaintiff, with the aid of counsel, filed a First Amended Complaint. Doc. 47. Defendant filed its Motion to dismiss Plaintiff's First Amended Complaint on June 19, 2017. Doc. 48. Plaintiff filed a Response on July 27, 2017, Doc. 50, and Defendant filed a Reply on August 3, 2017. Doc. 51.

## LEGAL STANDARD

Rule 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must "take the factual allegations in the complaint as true and

construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted).

## FACTUAL ALLEGATIONS

The Complaint, as amended, alleges two claims: (1) that Defendant breached its Plan obligations when it changed Plans in violation of 29 U.S.C. § 1132; and (2) that Defendant breached its fiduciary duty to Plaintiff when it misled Plaintiff as to the details of the Plans in violation of 29 U.S.C. § 1102. Specifically, the Complaint alleges that: (1) Defendant stated in a Summary Plan Description (SPD) that ERISA-covered Plans—namely "employee/dependent medical plan, employee dependent life insurance plan, pension, retirement, retiree reimbursement account, pharmacy assistance fund, and death benefits"— would continue *indefinitely*; (2) that Defendant terminated or substantially modified these plans without good cause or unanticipated reasons; (3) that Defendant used language in the SPD and in the Retirement Plan Handbook that Defendant knew or should have known would confuse or mislead participant as to when their coverage would terminate; (4) that these Plans were "critical for against retirees, [including] for Plaintiff;" and (5) that Defendant "forced retirees to liquidate their savings and security programs." Doc. 47 at 1-5. The Complaint further alleges that:

> [Defendant] forced Plaintiff into a new Plan that cost him thousands of dollars in retirement and pension funds, rendering Plaintiff almost penniless, and causing him severe economic injury, foreclosure, and the loss of his family home; changing medical benefits that now do not provide the coverage for doctors, prescriptions, and healthcare as promised to continue 'indefinitely' and deliberately violating said warranty of 'sunset guarantees.'

Doc. 47 at 5-6. Plaintiff seeks equitable relief under 29 U.S.C. § 1109, an award of "his retirement stock and pension at the actual cash value with interest prior to the forced, non-voluntary conversion of benefits, . . . amounts to make Plaintiff whole . . ., [and] attorney fees and costs pursuant to ERISA." Doc. 47 at 7.

## DISCUSSION

Plaintiff has sought relief under two subsections of ERISA. The law is clear, however, that he cannot do so. "Under ERISA § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)(1)(B)), a beneficiary in a plan governed by ERISA can sue in federal court 'to recover benefits due to him under the terms of his plan.' Under a separate ERISA subsection, § 502(a)(3) (codified at 29 U.S.C. § 1132(a)(3)), a beneficiary can 'obtain other appropriate equitable relief' for breach of fiduciary duty." *Vaughn v. Aetna Life Ins. Co.*, 2017 WL 748725, at *2 (N.D. Ga. Feb. 27, 2017) (citations omitted). "These two distinct ERISA subsections are aimed at redressing separate violations, and a claim properly brought under one cannot proceed alternatively under the other." *Id.*

As discussed in more detail below, viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Complaint alleges that Plaintiff was due lifetime benefits under Plans administered by Defendant, that he was denied those benefits when Defendant changed the Plans, and that the Plan documents misled Plaintiff as to the nature of the Plan benefits. Plaintiff further alleges he suffered damages as a result of his reliance on the perpetual existence of the benefits in the Plans. Thus, Plaintiff has stated claims under ERISA for breach of Plan obligation and breach of fiduciary duty under § 1132(a)(1)(B).

As Plaintiff has stated a claim under § 1132(a)(1)(B), he cannot alternatively seek relief under § 1132(a)(3). Accordingly, as to Plaintiff's claim pursuant to § 1132(a)(3) that Defendant breached a fiduciary duty arising out of the termination of the Plans that Plaintiff alleges should have continued indefinitely, Plaintiff has failed to state a claim upon which relief can be granted. *See Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1074 (11th Cir. 2004) (holding courts must analyze allegations supporting § 1132(a)(3) claims to determine if also sufficient to state a claim under § 1132(a)(1)(B) regardless of relief sought and irrespective of allegations supporting other claims).

Retiree health insurance plans are considered welfare benefit plans under ERISA. *Owens v. Storehouse, Inc.*, 984 F.2d 394, 398 (11th Cir. 1993). "ERISA does not prohibit a company from terminating previously offered benefits that are neither vested nor accrued. Unlike pension benefits, welfare benefit plans neither vest nor accrue." *Id.* at 397-98 (citations

omitted). Furthermore, "[t]he SPD is the statutorily established means of informing participants of the terms of the plan and its benefits. Accordingly, any retiree's right to lifetime medical benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document." *Alday v. Container Corp. of Am.*, 906 F.2d 660, 665 (11th Cir. 1990). While "summary documents, important as they are, provide communication with beneficiaries *about* the plan, [ ] their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011) (emphasis in original). "When a plan sponsor reserves the absolute right to amend its health plan, [ERISA] does not prevent amendments made for the demonstrated purpose of cost-saving alone." *Owens*, 984 F.2d at 399.

Defendant alleges that it reserved the right to alter the Plans and attached several documents to its Motion to Dismiss as evidence of this. *See* Docs. 48-2, 48-3, 48-4, 48-5, 48-6, 48-7, 48-8, 48-9. While the Court may consider documents without converting a motion to dismiss to a motion for summary judgment,[1] it will not do so at this time because, while Plaintiff has not challenged the authenticity of these documents, it is not clear that these documents are the only Plan documents relevant to the Complaint.

Plaintiff does not explicitly set forth a cause of action regarding the allegation that Defendant "forced retirees to liquidate their savings and security programs" or that this liquidation happened "outside of the normal statutory applicable period." Doc. 47 at 4. Nor does Plaintiff cite any specific statutory basis for such a claim. Regardless, ERISA claims for breach of fiduciary duty are subject to a six-year statute of limitations. 29 U.S.C. § 1113(1). While Plaintiff may allege a continuing loss as a result of this forced transfer, he does not allege a continuing violation of a fiduciary duty—such as a duty to manage Plaintiff's investments. Therefore, the continuing violation rule announced in *Tibble v. Edison Int'l* is inapplicable here. 135 S. Ct. 1823, 1828 (2015) (holding claim is timely if alleged breach of continuing duty

---

[1] "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

occurred within six years of filing of lawsuit). Thus, Plaintiff has failed to state a claim for breach of fiduciary duty based on the alleged forced liquidation.

## CONCLUSION

Defendant's Motion to Dismiss, Doc. 48, is **GRANTED in part and DENIED in part**. Only Plaintiff's breach of Plan obligation claim and breach of fiduciary duty claim remain.


**SO ORDERED**, this 14th day of February, 2018.


      /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**